

Sanya Sukduang
T: +1 202 776 2982
ssukduang@cooley.com

By ECF

December 12, 2022

Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 304N
Brooklyn, NY 11201

Re: *Biofer S.p.A. v. Vifor (International) AG.*, No. 1:22-cv-02180-AMD-SJB

Dear Judge Bulsara:

Vifor writes in response to Biofer S.p.A ("Plaintiff")'s December 9, 2022 letter, in which Plaintiff accuses Vifor of making "egregious" misrepresentations to the Court. (ECF No. 35.) There is no truth to Plaintiff's allegations. Vifor reiterates that the parties did not meet and confer about the motion to compel as required by this Court's Individual Practices.

For clarity, the following timeline documents the parties' discussions about discovery responses:

- On November 3, 2022, Vifor responded to Plaintiff's October 4 discovery requests. (ECF Nos. 33-1 and 33-3.) At that time, Vifor told Plaintiff "Vifor will produce a copy of DMF No. 16967 and supplements thereto, as submitted to the FDA." (ECF No. 33-1, 5; *see also* ECF No. 34, 2.)

- On November 7, 2022 the parties met to discuss a joint letter on claim construction. At that time, Vifor again stated it would produce the DMF, including the original DMF and subsequent versions and amendments. Plaintiff acknowledged Vifor's response stating: "we appreciate your confirmation that Vifor will produce the complete file for DMF No. 16967 without restrictions during the ordinary course of discovery." (11/7/22 Email from B. Witte.)

- On November 16, 2022, **both parties** sent letters concerning discovery responses.[1] Vifor also requested that Plaintiff "[p]lease provide a time on November 22, 2022, when you are available to confer." (11/16/22 Ltr. from B. Cazakoff, 6.)

---

[1] In its letter, Vifor again made clear that it would produce the DMF, including the original DMF and subsequent amendments. (11/16/22 Ltr. from B. Cazakoff, 6 n.6.)

- Plaintiff waited six days to respond and notified Vifor at 10:28 am ET on November 22, 2022, that Plaintiff was "available to meet and confer today at 2 pm eastern to discuss the November 16th correspondence." (11/22/22 Email from B. Witte.) Vifor was not available on such short notice and instead requested that Plaintiff "provide a time, today, to confer either on Nov 28 or Nov 29."[2] (11/22/22 Email from S. Sukduang.) Plaintiff's counsel responded that they were available on November 28, but tellingly, did not mention a motion to compel. (11/22/22 Email from B. Witte.)

- The parties conferred on November 28, at which time, Vifor reiterated that it would produce the DMF and do so in sufficient time for Plaintiff's February 24, 2023 Initial Infringement Contentions. (*See* ECF No. 34, 1.) Plaintiff's counsel did not raise a motion to compel, nor provide any basis for their position concerning such a motion.

While Plaintiff's counsel asserts that the November 28 conference satisfied the Court's "meet and confer requirement," it did not. At no time during that conference did Plaintiff tell Vifor it would file a motion to compel or discuss the alleged basis of such a motion. In fact, Plaintiff's alleged dispute was still open to discussion at the conclusion of the conference as Vifor requested, and Plaintiff's counsel agreed to provide, any case law supporting their position that Vifor was improperly withholding documents. Plaintiff provided no such legal authority and instead, four days later, filed the motion to compel. Further, Plaintiff's earlier statements that "we are at an impasse"[3] and "we intend to raise this issue with the Court" (ECF No. 35, 2)—contained in their November 16, 2022 letter—do not suffice under this Court's requirement that the "parties must actually speak and communicate about the motion before it is filed[.]" Individual Practices of Magistrate Judge Sanket J. Bulsara, § IV.B; *see Beyond the Cloud Inc. v. Performance Sols., LLC*, No. 1:21-cv-02979-LDH-SJB (E.D.N.Y Mar. 4, 2022) ("The sending of deficiency letters and phone conferences does not [] constitute a meet and confer about the motion …. So Defendant's assertion that the discovery dispute has been the subject of 'three meet and confers' is based on its own definition of meet-and-confer, not the Court's.").

Contrary to Plaintiff's assertions, Vifor's representations to the Court in its December 6 letter were, and continue to be, accurate. I have first-hand knowledge of these facts because I participated in

---

[2] Thus, contrary to Plaintiff's representation, Plaintiff did not wait until "after twelve (12) days had elapsed with no response from Defendant[.]" (*See* ECF No. 35, 2.)

[3] Plaintiff's quote omits important context for the parties' discussions. The parties had discussed a possible production of *portions* of the DMF on an expedited timeframe. When Biofer refused and demanded the complete DMF, counsel for Vifor stated "[u]nfortunately, it is clear we are at an impasse. ***We will proceed with discovery under the scheduling order***." (11/9/22 Email from S. Sukduang (emphasis added).)



all relevant meetings with Plaintiff's counsel.  Vifor regrets that Plaintiff continues to try to create a dispute where none exists and apologizes for the waste of this Court's time and resources.

Respectfully submitted,

/s/ Sanya Sukduang

Sanya Sukduang (*pro hac vice*)

cc: Attorneys for Plaintiff Biofer, S.p.A. (by ECF)