

Jonathan D. Ball, Ph.D.,
Tel 212.801.2223
Fax 212.801.6400
ballj@gtlaw.com

March 5, 2024

Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Biofer S.p.A. v. Vifor (International) AG*, No. 1:22-cv-02180-AMD-SJB (E.D.N.Y.)

Dear Judge Bulsara:

Further to Your Honor's February 28, 2024 Order, we write on behalf of both parties to jointly request a 60-day stay of this lawsuit to allow the parties to negotiate a potential global settlement of their pending patent litigations while conserving the resources of the Court and parties. The parties also provide below their respective positions on separate but related issues such as Biofer's request for a 30-day extension of fact discovery if the parties are unable to resolve their differences during the stay period. On this, the parties note and emphasize that their joint stay request is being made irrespective of these or any other pending issues and is not contingent in any way on the Court's ruling on such issues.

**Plaintiff Biofer's Position**: While the parties agree on the jointly requested 60-day stay, there is a disagreement over whether fact discovery should be considered complete before the stay goes into effect. Biofer believes that the stay should go into effect on March 8, 2023, and that fact discovery should not be considered to have been completed upon entry of the stay. After meeting and conferring, Plaintiff Biofer has filed a motion to amend the scheduling order to extend fact discovery for a period of thirty (30) days, if/when the stay is lifted. (DE 126, "Extension Motion.") For the reasons set forth in Biofer's Extension Motion, if this lawsuit is not resolved during the stay period, Biofer believes that fact discovery should not be deemed complete as of March 8, 2023, but should be extended to allow for resolution of the numerous pending and open fact discovery issues. (*See, e.g.*, DE 107, 114, 119, 122, 128.) Biofer's proposal would conserve the resources of the Court and parties during the period of the stay by maintaining the status quo and avoiding any need for the Court to rule on any of the pending issues before it, at least until after the 60-day stay for settlement discussions, and possibly at all to the extent those settlement discussions succeed in resolving this lawsuit. A proposed amended schedule that adjusts all the current case deadlines by 90 days was included in Biofer's Extension Motion and Biofer respectfully requests that it be entered along with the parties' joint stay request.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, NY 10017 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: Greenberg Traurig Germany, LLP; ^A separate UK registered legal entity; *Greenberg Traurig, S.C.; ºGreenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

**Defendant Vifor's Position:** The stay should not impact the current close of fact discovery, and fact discovery should close, as scheduled, on March 8, 2024. Vifor believes that the stay order should go into effect on March 11, 2024, following the current close of fact discovery. That said, Vifor recognizes that both parties have pending motions to compel (filed prior to the 5:00 pm close of business on March 4, 2024) before this Court and the Court is still considering its opinion on claim construction, which Vifor believes could help inform the parties' positions on settlement. To the extent the Court rules on any of the motions filed prior to March 4 or claim construction, Vifor believes the parties should confer during the stay to determine what, if any, limited further fact discovery is necessary in light of any Court order on pending motions to compel if the stay is lifted. As such, and for reasons Vifor will provide in its opposition to Biofer's motion to extend fact discovery filed on March 4, Vifor believes that fact discovery should not be extended as Biofer proposes. Additionally, the Italian Court's request for an extension of time to conduct Dr. Marchi's deposition under the Hague has been provided to this Court and to the extent this Court agrees and the Italian Court schedules Dr. Marchi's deposition during the stay, Vifor intends to proceed with Dr. Marchi's deposition on the date selected by the Italian Court. Finally, Vifor agreed to accommodate Biofer's March 1 request to delay the March 7 deposition of Anke Steier, scheduled to proceed in Switzerland pursuant to the Hague request. The parties agreed that the rescheduled deposition would proceed in Switzerland and at a time convenient to Dr. Steier. To the extent convenient for Dr. Steier, Vifor would agree to the conduct of the deposition during the period of the stay or shortly thereafter if needed. In the event the parties are unable to reach agreement regarding settlement during the pendency of the 60 day stay, the parties will confer, and within one-week following the lifting of the stay, propose a revised schedule for the orderly completion of expert discovery, and other pretrial deadlines in this litigation.

If it would be helpful to the Court, the parties can submit a draft proposed stay order. We thank Your Honor for your time and attention to this matter.

Sincerely yours,

*/s/ Jonathan D. Ball*

Jonathan D. Ball
Shareholder