UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BIOFER S.P.A.,

                            Plaintiff,

         -against-                         **ORDER**
                                                    22-CV-2180-AMD-SJB

VIFOR (INTERNATIONAL) AG.,

                            Defendant.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

      The parties—in connection with their motions to compel—have filed a number of motions to seal documents from public view. (*See* Dkt Nos. 101, 103, 106, 108, 112, 121, 127, 130, 135). In evaluating motions to seal, the Court applies the Second Circuit's test set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). Each of these motions flunks that test. Procedurally, a motion to seal documents should be accompanied by a public, redacted version of the document, and limit sealing to those most sensitive matters that qualify for sealing. *Id.* at 126 ("The presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing."). And any motion to seal should contain a memo that explains—for each document or redaction—why sealing is appropriate to that document. A motion to seal that seeks wholesale redaction of entire documents without tailored justifications suggests that rather than careful deliberation, there has been a knee-jerk attempt to seal documents. Substantively, any cursory examination of many of the documents—e.g., Dkt. Nos. 106-2, 106-5, 108-1, 112-4, 112-5, 112-6, 127-2, 127-3, 127-6, 127-8, 130-2, 130-3, 130-4, 130-6, 132-2, 132-3, 135-2, 135-3, 135-4, 135-5, 135-12, 135-13—makes plain that the content is not eligible for any redactions. They include, for

example, written responses to discovery requests (not the documents being produced, but the general objections to the requests), declarations that generally describe the patented technology, and matters of public record (either discussed in open court, content that duplicates the substantive information already contained in public pleadings in this or other courts). These are not internal documents exchanged in discovery, but the documents that are attendant to litigation in court. It is quite obvious to the Court that the parties have abused the "highly confidential" label from their protective order and have continued to operate under the mistaken belief that because they marked a document in this manner, it must be sealed. That is not the law, and for good reason: disputes are to be decided in public, not in the shadows. The motions to seal are denied. However, the Clerk of Court is directed to maintain these documents under seal to ensure that during the pendency of the renewed motion to seal procedure, confidential information is not made public.

Each side is directed to file a single motion to seal that addresses every document (as separate exhibits) for which sealing was previously sought. A public version of the motion should attach the exhibits containing either no redactions or limited redactions, as appropriate. A private version of the motion should be filed under seal with these same documents unredacted in their entirety. The motion should be accompanied by a memorandum of law that explains why any material that is redacted or entirely shielded from public view satisfies *Lugosch*. Broad treatment of all documents and sweeping justifications for sealing are inconsistent with the requirement of narrow tailoring and are unlikely to have merit. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) ("[I]n contravention of our precedent, the District Court failed to review the documents individually and produce specific, on-the-record findings that sealing is necessary to

preserve higher values. Instead, the District Court made generalized statements about the record as a whole. This too was legal error." (quotations and footnotes omitted)); *e.g.*, *Gannett Media Corp. v. United States*, No. 22-CV-2160, 2022 WL 17818626, at *3 (2d Cir. Dec. 20, 2022) ("[B]road findings, however, are insufficient to justify the redactions in the Sealed Submissions."). Again, a public version of the memo should be filed, with necessary redactions. An unredacted version of the memo should be filed under seal. Each side has until July 30, 2024, to comply with this Order.

                                      SO ORDERED.

                                      /s/ Sanket J. Bulara  July 10, 2024
                                      SANKET J. BULSARA
                                      United States Magistrate Judge

Brooklyn, New York