UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BIOFER S.P.A,

                Plaintiff,

        -against-                          **ORDER**
                                                        22-CV-2180-AMD-SJB
VIFOR (INTERNATIONAL) AG.,

                Defendant.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

      Plaintiff Biofer seeks clarification of the Court's March 29, 2024 claim construction order. (Biofer Letter, Dkt. No. 149). The motion is denied. The request for clarification is nothing more than an attempt to have the Court resolve the parties' inability to agree on a stipulation. Indeed, Biofer attaches the redline of a stipulation showing its proposed language against Vifor's proposal. (Stip. and Order of Non-Infringement, attached as Ex. B to Biofer Letter, Dkt. No. 149-2). The parties are free to stipulate to any matter. Or not. But a stipulation is voluntary choice made by the parties, not one imposed by the Court.

      As for clarification, none is necessary. Clarification is appropriate when there is some ambiguity, and for there to be an ambiguity there must be two, competing reasonable interpretations of the Court's order. Disputes about a stipulation cannot create an ambiguity. Biofer "requests clarification as to whether or not the Court's construction of 'pH between 7.0 and 9.0' requires that the pH must be maintained ***throughout*** the recited step." (Biofer Letter at 2). But what is the ambiguity that Biofer is asking the Court to clarify? What is ambiguous about the Court's March 2024 order? And importantly, if the Court were to reject this construction or reading of its

own order, it would be doing so in favor of what alternative? That the pH is not maintained throughout the recited step or oxidation process? If that is the case, that would be a late motion for reconsideration, which the parties state they are not seeking. (Biofer Letter at 1). (The fact that Vifor refuses to use the language from the Court's order in the stipulation is not evidence of an ambiguity; it is a refusal to stipulate.). Biofer is asking the Court to impose, declare, or reaffirm its March 2024 Order to achieve Biofer's intended end in the stipulation. Indeed, its letter admits as much. (Biofer Letter at 2) ("To the extent the Court clarifies that to be the intended meaning and import of the construction, then Plaintiff is prepared to enter the attached stipulation with *its* proposed language and proceed to an immediate appeal.") (emphasis added). The Court's order speaks for itself. There is no ambiguity and nothing to clarify, and therefore the motion for clarification is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*  July 31, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York