UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
BIOFER S.P.A.,

        Plaintiff,                         JUDGMENT
                                              22-CV-02180-AMD-SJB

        -against-

VIFOR (INTERNATIONAL) AG,

        Defendant.
--------------------------------------------------------- X

        A Stipulation and Order of Non-Infringement of the '320 Patent having been filed on August 27, 2024 and signed by the Honorable Ann M. Donnelly, United States District Judge on August 27, 2024, and the Parties hereby stipulating and agreeing, subject to the approval of the Court, as follows; it is

        ORDERED AND ADJUDGED that:

        1. The Parties stipulate and agree that under the Markman Order with respect to the term "pH between 7.0 and 9.0", Plaintiff cannot prove that Defendant infringes the Asserted Claims, either directly, indirectly, literally or under the doctrine of equivalents.

        2. The Parties therefore request that the Court enter final judgment for Defendant and against Plaintiff on Plaintiff's claims for infringement of the Asserted Patent, and declare that Defendant does not infringe any of the Asserted Claims of the Asserted Patent based on the Markman Order with respect to the term "pH between 7.0 and 9.0".

        3. The Court has not made any findings on invalidity or unenforceability and there are no invalidity or unenforceability issues to appeal at this time.

        4. The Parties stipulate that all other contentions regarding claim construction, infringement and non-infringement, invalidity and validity, as well as unenforceability and enforceability of the Asserted Patent are expressly reserved. Specifically, the Parties recognize

that Defendant contends that the Asserted Claims of the Asserted Patent are not infringed under any claim construction by the Court or proposed by the Parties, that the Asserted Claims are invalid and unenforceable, and that other defenses bar Plaintiff's claims. The Parties recognize that Plaintiff disputes each of these contentions. The Parties agree that if the case is remanded, Defendant's affirmative defenses and counterclaims will be reinstated, Defendant has the right to re-assert any and all of its contentions and grounds for non-infringement, invalidity and unenforceability, and Plaintiff has the right to challenge these contentions and grounds. The Parties further stipulate that if the case is remanded, the Court's May 30, 2024 oral Orders on the parties' respective motions to compel (as articulated in the May 30, 2024 status conference transcript), remain in effect.

     5. Notwithstanding the foregoing, and for the avoidance of doubt, Plaintiff states specifically that it disagrees with the Markman Order including, inter alia, with respect to the Court's construction of the term "pH between 7.0 and 9.0", including with respect to any requirement that "the pH range must be maintained throughout the process", (see D.I. 139 at 12), and that it intends to challenge the Markman Order on the Court's construction of the term "pH between 7.0 and 9.0" on appeal. Nothing herein shall be deemed to be an admission, acceptance, or adoption by Plaintiff that Defendant does not infringe the Asserted Patent, other than as stipulated herein based on the Markman Order with respect to the term "pH between 7.0 and 9.0". Plaintiff expressly reserves its right to challenge all other claim constructions issued by the Court in its Markman Order on an appeal, except for the term "instant-by-instant", which the Court construed in accordance with the Parties' agreed upon construction.

6. The Parties expressly reserve all appellate rights including, but not limited to, the right to appeal the Court's claim constructions in the Court's Markman Order to the United States Court of Appeals for the Federal Circuit upon entry of final judgment.

7. In the event the U.S. Court of Appeals for the Federal Circuit reverses, vacates, modifies, or remands the Court's Markman Order with respect to the term "pH between 7.0 and 9.0", the Parties agree that (a) the final judgment of noninfringement set forth herein should not be affirmed, and (b) this Stipulation terminates, except for Paragraphs 4 and 5 of this Stipulation, which remain in effect.

8. The Parties agree that entry of judgment of non-infringement would be a final judgment that adjudicates all the claims for all the parties to this Action. Defendant agrees that its counterclaims shall be dismissed without prejudice. The Parties agree that the Court should enter final judgment of non-infringement in favor of Defendant consistent with this Stipulation with respect to all Asserted Claims in the First Amended Complaint (Dkt. 90).

Dated: Brooklyn, NY
      August 30, 2024

Brenna B. Mahoney
Clerk of Court

By: */s/Jalitza Poveda*
     Deputy Clerk